IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEMI BAMGBOSE, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA-T GROUP, INC., its predecessors, successors, subsidiaries, and/or assigns, DELTA-T GROUP SOCIAL SERVICE STAFFING, INC. and DOES 1 through 4,<br><br>Defendants. | Case No.: _____<br><br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Temi Bamgbose ("Plaintiff"), on behalf of himself and those similarly situated alleges as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff, in accordance with the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., brings this collective action against Defendants Delta-T Group, Inc. and Delta-T Group Social Services Staffing, Inc. (collectively "Defendants Delta-T") for failing to properly compensate him at the applicable FLSA overtime rate. (See Consent Form attached as Exhibit A.) Plaintiff and those similarly situated customarily and regularly worked for Defendants Delta-T in excess of forty (40) hours per week within the three-year statute of limitations. During this time, Defendants Delta-T willfully and maliciously misclassified them as "independent contractors," evading FLSA overtime compensation requirements and resulting in a failure to compensate them at the requisite overtime rate for all overtime hours worked.

2. Plaintiff also brings this class action on behalf of himself and other misclassified healthcare workers ("the class"), under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., against Defendants Delta-T Group, Inc., Delta-T Group Social Services Staffing, Inc., and Does 1–4 (collectively "Defendants"). Plaintiff and the class assert that Defendants willfully and maliciously breached their fiduciary duty and denied them access to employee benefits to which they were entitled to as employees in fact. Upon reason and belief, Defendants provided retirement and welfare plans to all properly classified employees. But for their independent contractor status, Plaintiff and the class would have participated in and benefited from these plans.

3. Defendants Delta-T willfully engage in a pattern, practice, and policy of unlawful conduct—failing to compensate Plaintiff and those similarly situated across the United States for overtime hours worked in violation of their workers' rights under the FLSA.

4. Defendants also willfully engage in a pattern, practice, and policy of misclassifying Plaintiff and the class as independent contractors, in effect, denying them access to benefits to which they are rightfully entitled as employees in fact and breaching their fiduciary duty.

## JURISDICTION

5. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), to hear this Complaint and to adjudicate the claims stated herein because this action asserts rights arising under federal law. See FLSA, 29 U.S.C. § 201, et seq.; ERISA, 29 U.S.C. § 1001, et seq.

## VENUE

6. Venue is proper in the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because Defendants reside in this District and because a substantial portion of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Temi Bamgose is a resident of Delaware County in the State of Pennsylvania and worked as a healthcare worker for Defendants Delta-T out of their Ambler, Pennsylvania office during the applicable statute of limitations. Plaintiff worked as Defendants' Delta-T employee as defined by the FLSA, 29 U.S.C. § 203(e)(1), and ERISA, 29 U.S.C. § 1002(6). Upon information and belief, Plaintiff Bamgose qualifies as a participant under employee benefit plan documents. See 29 U.S.C. § 1002(7).

8. Defendant Delta-T Group, Inc. is incorporated in Pennsylvania with its principle place of business in Bryn Mawr, Pennsylvania. Defendant Delta-T Group, Inc., recruits, hires, places, schedules, supervises, and compensates Plaintiff and other healthcare workers, who in turn provide temporary services to client facilities. It owns and operates sixteen offices that place workers in facilities across the United States. Defendant Delta-T Group, Inc. suffers and permits Plaintiff and those similarly situated to work on behalf of it and its clients. Defendant Delta-T Group, Inc. is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g), and ERISA, 29 U.S.C. § 1002(5). Upon information and belief, as an employer, Defendant Delta-T Group, Inc. sponsors and administers benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(16)(a)–(b). As a sponsor and administrator of employee benefits, Defendant Delta-T Group, Inc. owes employees a fiduciary duty.

9. Defendant Delta-T Group Social Services Staffing, Inc. is incorporated in Pennsylvania with its principle place of business in Bryn Mawr, Pennsylvania. Defendant Delta-T Group Social Services Staffing, Inc., recruits, hires, places, schedules, supervises, and compensates Plaintiff and other healthcare workers, who in turn provide temporary services to client facilities. It operates sixteen offices that place workers in healthcare facilities across the United States. Defendant Delta-T Group Social Services Staffing, Inc. suffers and permits Plaintiff and those similarly situated to work on behalf of it and its clients. Defendant Delta-T Group Social Services Staffing, Inc is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g), and ERISA, 29 U.S.C. § 1002(5). Upon information and belief, as an employer, it sponsors and administers benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(16)(a)–(b). As a sponsor and administrator of employee benefits, Defendant Delta-T Group Social Services Staffing, Inc. owes employees a fiduciary duty.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant(s) sued herein as Does 1 through 4, inclusive, are currently unknown to Plaintiff. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when such identities become known.

11. Upon information and belief, Plaintiff alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## FACTUAL BACKGROUND

12. During the applicable statutory period, Plaintiff, the class, and those similarly situated work(ed) as healthcare workers throughout the United States for several of Defendants Delta-T's clients.

13. Although Defendants Delta-T classify healthcare workers as independent contractors, Plaintiff, the class, and those similarly situated have acted and continue to act as employees in fact.

14. Defendants Delta-T recruit, interview, hire, place, schedule, supervise, and compensate healthcare workers. Defendants Delta-T maintain absolute discretion regarding where and whether to assign healthcare workers to clients.

15. For each healthcare worker, Defendants Delta-T select one or more clients, set hourly pay-rates, create work schedules, track hours worked, maintain employment records, and provide supervision.

16. Upon information and belief, healthcare workers experience no opportunity for profit or loss (beyond their hourly pay rate) for the work they perform.

17. Upon information and belief, clients directly pay Defendants Delta-T for work performed by healthcare workers. In turn, Defendants Delta-T compensate healthcare workers after first deducting a "brokerage" fee.

18. Healthcare workers do not invest in equipment or materials to perform work for Defendants Delta-T or their clients. Rather, all necessary equipment and materials are provided by either Defendants Delta-T or their clients.

19. Defendants Delta-T's sole business is hiring and placing healthcare workers with healthcare facilities that experience temporary employment needs; therefore, the services

rendered by Plaintiff, the class, and those similarly situated are an integral part of Defendants Delta-T's business.

20. Defendants Delta-T provide healthcare workers with temporary employment with clients. Upon assignment, Defendants Delta-T maintain a continuous and ongoing relationship with their healthcare workers.

21. Rather than collect a one-time placement/brokerage fee, Defendants Delta-T receive compensation for each hour that healthcare workers perform duties for clients.

22. Upon information and belief, Defendants Delta-T impede healthcare workers' ability to achieve direct-employment with clients by forcing them to agree to not obstruct Defendants' Delta-T collection of fees until six months after the working-relationship with the client-site has expired.

23. Upon information and belief, Defendants Delta-T offer their acknowledged employees retirement and welfare benefit plans, including but not limited to: health insurance, 401(k) plans with a matching contribution, long term disability insurance, group term life insurance, vacation compensation, and tuition reimbursement ("employee benefits").

24. Upon information and belief, Defendants administer and sponsor these benefit plans.

25. Defendants deny healthcare workers access to and enjoyment of employee benefits by misclassifying workers as independent contractors.

26. In doing so, Defendants breach the fiduciary duty they owe to employees and/or participants.

27. If Plaintiff and the class were properly classified, then they would have taken advantage of available employee benefits.

28. This misclassification also affects healthcare workers' rate of compensation. Plaintiff and those similarly situated regularly and customarily work in excess of forty (40) hours per week for Defendants Delta-T and their clients.

29. In turn, they were/are compensated at a flat hourly rate of pay for all hours worked.

30. Defendants Delta-T provide no additional compensation, such as half-time, for overtime hours worked.

31. Using this compensation method, Defendants Delta-T deny Plaintiff and those similarly proper overtime compensation as required by the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff and those similarly situated hereby re-allege and incorporate the foregoing paragraphs of this Complaint.

33. The Named Plaintiff and those similarly situated ("the FLSA Nationwide Collective") are employees in fact of Defendants Delta-T.

34. As alleged above, the Named Plaintiff and the FLSA Nationwide Collective regularly and customarily work overtime, and Defendants Delta-T fail to compensate them using the required FLSA time-and-a-half rate for all hours worked in excess of forty (40) per week.

35. Upon information and belief, Defendants Delta-T are aware that the Named Plaintiff and the FLSA Nationwide Collective perform work deserving of overtime compensation; yet, Defendants Delta-T fail to compensate them properly.

36. Defendants' Delta-T unlawful conduct is widespread, repetitious, and consistent, affecting all their healthcare workers nationwide.

37. Defendants Delta-T devised a common policy and scheme to purposefully classify

the Named Plaintiff and other healthcare workers as independent contractors so to, among other things, avoid the purview of the FLSA's employee protections.

38. Defendants Delta-T's conduct, as set forth in this Complaint, is willful and in bad faith, and has caused and will continue to cause significant damages to the Named Plaintiff and the FLSA Nationwide Collective.

39. Because the Named Plaintiff and the FLSA Nationwide Collective were non-exempt employees in fact and because they worked overtime without being compensated at the applicable rate, Defendants Delta-T are liable under the FLSA.

40. Notice should be sent to the Nationwide FLSA Collective. There are numerous similarly situated current and former employees of Defendants Delta-T who have been denied overtime pay in violation of the FLSA and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants Delta-T and are readily identifiable through their records.

41. The Named Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). A written consent form for the Named Plaintiff is attached hereto. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

### ERISA CLASS ACTION ALLEGATIONS

42. Plaintiff and the class hereby re-allege and incorporate the foregoing paragraphs of this Complaint.

43. With respect to those claims for relief sought under ERISA, Plaintiff ("Class Representative") seeks to represent a class, pursuant to Rule 23(a)–(b) of the Federal Rules of Civil Procedure, that is composed of and defined as follows:

> All individuals who currently work or have worked for Defendants Delta-T as healthcare workers at any time during the applicable statutory period, and were classified as independent contractors

44. The Class Representative satisfies the above description; therefore, he seeks certification of this lawsuit as a class action in order that his rights and those of the class, relating to employee benefits, be resolved.

45. This action is brought pursuant to Rule 23 because the class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendants Delta-T registered in excess of twenty thousand (20,000) individuals as healthcare workers, who satisfy the class definition, across the country during the applicable statute of limitations.

46. Furthermore, those class members still registered with Defendants Delta-T may be reluctant to raise individual claims for fear of retaliation.

47. The issues involved in this lawsuit present common questions of law and fact, and these common questions predominate over the variations, if any, which may exist between members of the class. These common questions of law and fact include, without limitation:

   a. Whether the Class Representative and the class members are employees in fact of Defendants Delta-T, misclassified as independent contractors;

   b. Whether the Class Representative and the class members are in business for themselves and whether they possess the degree of independence necessary to be legally classified as independent contractors;

   c. Whether Defendants Delta-T have the right to exercise, and do in fact exercise, a degree of control over the manner and means of work performed by the Class Representative and the class members;

d. Whether Defendants Delta-T, acting in accordance with their clients' needs, dictate the hours and length of hours worked by the Class Representative and the class members;

e. Whether the Class Representative and the Class Members use their own tools, equipment, and supplies in performing work or the tools, equipment, and supplies of Defendants Delta-T or their clients;

f. Which benefit plans are available to employees; and

g. Whether the Class Representative and the class members are entitled to access to and enjoyment of such plans.

48. The Class Representative's interests in the subject matter and remedy sought are typical of those of the other class members. The Class Representative, like other members of the class, was subjected to Defendants' policy and practice of misclassifying healthcare workers as independent contractors. Also, the Class Representative's job duties are typical of those other class members.

49. The Class Representative is able to fairly and adequately represent and protect the interests of the class. He has no interests which are antagonistic to the other class members.

50. Plaintiff's Counsel is competent and experienced in litigating large employment class actions.

51. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. Individual actions by each member of the class injured or affected would result in a multiplicity of actions, creating a hardship to the Class Representative, the class members, to the Court, and to Defendants. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

52. The Class Representative intends to send notice to all members of the class to the extent required by Rule 23.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
**Defendants Delta-T Group, Inc. & Delta-T Group Social Services Staffing, Inc.**

53. The Named Plaintiff and the FLSA Nationwide Collective incorporate the foregoing paragraphs by reference.

54. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

55. The Named Plaintiff and the FLSA Nationwide Collective are improperly classified as independent contractors; thus, Defendants Delta-T have denied them the full benefits and protections provided to employees under the FLSA.

56. The Named Plaintiff and those similarly situated are employees in fact entitled to FLSA overtime compensation for all hours worked in excess of forty (40) per week.

57. Defendants Delta-T, through their actions, policies, and/or practices as described above, violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate the Named Plaintiff and the FLSA Nationwide Collective at the required overtime rate.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

59. As a direct and proximate result of Defendants Delta-T's unlawful conduct, the Named Plaintiff and the FLSA Nationwide Class have suffered and will continue to suffer a loss

of income and other damages. The Named Plaintiff and the FLSA Nationwide Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II

### VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT
### Defendants Delta-T Group, Inc., Delta-T Group Social Services Staffing, Inc., and Does 1 through 4

60. The Class Representative and the class incorporate the foregoing paragraphs by reference.

61. ERISA, 29 U.S.C. § 1132(a)(1)(B), (a)(2) permits participants to bring legal action to (1) recover benefits due to them and to enforce their rights under a plan, and to (2) hold fiduciaries liable for the damages they cause in breaching their duties.

62. Defendants provide, administer, and/or sponsor at least one employee benefit plan, as defined by 29 U.S.C. § 1002(1)–(3), (34), to acknowledged employees. In doing so, they owe them a fiduciary duty.

63. Under ERISA, 29 U.S.C. § 1002(6) and as explained above, the Class Representative and the class members are/were employees in fact of Defendants Delta-T.

64. Upon information and belief, the Class Representative and the class are entitled to employee benefits and have a colorable claim to rights vested in plan benefits.

65. Nonetheless, Defendants denied the Class Representative and the class the right to participate in and benefit from these plans.

66. In doing so, Defendants breached the fiduciary duty they owed to the Class Representative and the class.

67. As a direct and proximate result of their misclassification and denial of access to employee benefit plans, the Class Representative and class are damaged.

68. Defendants' actions are willful and outrageous. illustrating a complete disregard for the rights of others.

69. Administrative remedies have been unavailable to the Class Representative and the class because Defendants classified and continue to classify them as independent contractors, rather than employees. Thus, exhaustion of administrative remedies would be futile.

70. The Class Representative and the class members are further entitled to damages and attorneys' fees and costs under the law.

## PRAYER FOR RELIEF

71. WHEREFORE, the Named Plaintiff, on behalf of himself and all members of the FLSA Nationwide Collective pray for the following relief:

> A. Designation of this action as a collective action on behalf of the FLSA Nationwide Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Nationwide Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms;
>
> B. Judgment against Defendants Delta-T for an amount equal to the Named Plaintiff's and the FLSA Nationwide Collective's unpaid back wages at the applicable overtime rate;
>
> C. An equal amount to the overtime damages as liquidated damages;
>
> D. All costs and attorneys' fees incurred from prosecuting this claim;
>
> E. An award of prejudgment interest (to the extent liquidated damages are not awarded);
>
> F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

G. For such further relief as the Court deems just and equitable.

72. WHEREFORE, the Class Representative on behalf of himself and the class, prays for relief as follows:

  a. Certification of this action as a class action on behalf of the proposed class;

  b. Designation of Plaintiff as the Representative of the class;

  c. Appointment of Nichols Kaster, PLLP as class counsel and lead counsel for the class;

  d. Judgment requiring Defendants to pay the costs and expenses of class notice and claim administration;

  e. Judgment that Defendants breached their fiduciary duties;

  f. Judgment that Defendants denied access to employee benefit plans for the Class Representative and the class;

  g. Judgment that the practices complained of herein are unlawful under ERISA;

  h. Appropriate equitable and injunctive relief to remedy Defendants' violations of the terms of plan documents and other benefit agreements, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

  i. Appropriate statutory penalties under ERISA, 29 U.S.C. § 1132;

  j. An award of damages, liquidated damages, and punitive damages;

  k. An award of prejudgment interest;

  l. Reasonable attorneys' fees and costs under ERISA 29 U.S.C. § 1132(g)(1); and

  m. An award to the Class Representative and the class members of any further and additional relief to which they may be entitled.

## DEMAND FOR JURY TRIAL

73. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff individually and on behalf of all others similarly situated and the class demands a trial by jury.

Respectfully submitted,

CONSOLE LAW OFFICES LLC

Dated: 2/17/09

LAURA C. MATTIACCI, PA Bar No. 89643
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Telephone: (215) 545-7676
Email: mattiacci@consolelaw.com

NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar 22084X
Michele R. Fisher, MN Bar No. 303069
Rebekah L. Bailey, CA Bar No. 258551
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 218-4870

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE
CLASS MEMBERS

# Exhibit A

REDACTED

# DELTA-T GROUP

## PLAINTIFF CONSENT FORM

I hereby consent to make a claim against Delta-T Group for overtime pay. During the past three years, I worked as a healthcare professional for Delta-T Group. I often worked over 40 hours per week and was only paid my standard hourly rate for this time. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Delta-T Group.

*Signature:* Bamgbose    *Date:* 10/29/08

*Print Name:* TEMI BAMGBOSE

REDACTED

Fax, Mail or Email to:   Nichols Kaster, PLLP
Attn: Michele R. Fisher
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: fisher@nka.com
Web: www.overtimecases.com