**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TEMI BAMGBOSE, individually and on behalf of other similarly situated individuals,<br><br>   Plaintiff,<br><br>  v.<br><br>DELTA-T GROUP, INC., its predecessors, successors, subsidiaries, and/or assigns, DELTA-T GROUP SOCIAL SERVICE, STAFFING, INC. and DOES 1 through 4,<br><br>   Defendants. | Case No. 2:09-CV-00667-MAM |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE LEGAL CONCLUSIONS IN PLAINTIFF'S OPT-IN DECLARATIONS, STRIKE OPT-IN DECLARATIONS BASED ON CONTRADICTORY ADMISSIONS, AND STRIKE THE ENTIRE DECLARATION OF ED NASON**

Gerald L. Maatman, Jr. (*admitted pro hac vice*)
gmaatman@seyfarth.com
Devjani Mishra
dmishra@seyfarth.com
Kenneth Sulzer (*admitted pro hac vice*)
ksulzer@seyfarth.com
Brandon L. Spurlock (*admitted pro hac vice*)
bspurlock@seyfarth.com

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (fax)

ATTORNEYS FOR DEFENDANT

i

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A.      Plaintiff's Opt-In Declarations Contain Boilerplate Legal Conclusions That Should Be Disregarded ........................................................................................2

    B.      Where Opt-Ins Posted Resumes On-Line Stating That They Were Independent Contractors While Registered With Delta-T, Their Declarations Stating Otherwise Should Be Stricken ..............................................................................................4

    C.      Ed Nason's Declaration Should Be Stricken Because It Is Based On Hearsay And Speculation; And It Is Otherwise Irrelevant ............................................................6

III. CONCLUSION...................................................................................................................11

CH1 11794666.1

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.*,
 650 F.2d 118 (6th Cir. 1981) ..................................................................................................3

*Cummings v. The Standard Register Co.*,
 265 F.3d 56 (1st Cir. 2001)....................................................................................................5

*Curtis v. Tyco Retail Healthcare Group, Inc.*,
 No. 06-4302, 2008 U.S. Dist. LEXIS 58572 (E.D. Pa. July 31, 2008)................................5, 6

*Geoghan v. Long Island Rail Road*,
 No. 06-1435, 2009 U.S. Dist. LEXIS 30491 (E.D.N.Y. April 9, 2009) ...................................5

*Hackman v. Valley Fair, et al.*,
 932 F.2d 239 (3d Cir. 1991).................................................................................................5, 6

*Harrison v. McDonald's Corp.*,
 411 F. Supp. 2d 862 (S.D. Ohio 2005) ...................................................................................2

*Hill v. Oil DRI Corp. of Georgia*,
 198 Fed. Appx. 852 (11th Cir. 2006).....................................................................................10

*Hoffmann-La Roche Inc. v. Sperling*,
 493 U.S. 165 (1989)................................................................................................................2

*Hughes v. Amerada Hess Corp.*,
 187 F.R.D. 682 (M.D. Fla. 1999)............................................................................................8

*Kumho Tire Co, Ltd. v. Carmichael,*
 526 U.S. 137 (1999)..............................................................................................................10

*Larouche v. Webster*,
 175 F.R.D. 452 (S.D.N.Y. 1996) ............................................................................................3

*McElmurry v. U.S. Bank Nat'l Ass'n*,
 No. 04-642, 2004 WL 1675925 (D. Or. July 27, 2004)..........................................................2

*Myszka v. Asbury*,
 No. 3:07-0671, 2008 WL 4525415 (M.D. Tenn. Oct. 2, 2008)............................................10

*Pfaahler v. Consultants for Architects, Inc.*,
 No. 99-6700, 2000 U.S. Dist. LEXIS 1772 (N.D. Ill. Feb. 8, 2000) ......................................3

*Richards v. Computer Scis. Corp.*,
  No. 3-03-00630 (DJS), 2004 WL 2211691 (D. Conn. Sep. 28, 2004) ..................2

*Tomao v. Abbott Laboratories, Inc.*,
  No. 04-3470, 2007 U.S. Dist. LEXIS 55820 (N.D. Ill. July 31, 2007) ..................5

*Universal Engraving, Inc. v. Duarte*,
  No. 07-2427, 2008 U.S. Dist. LEXIS 102617 (D. Kan. Dec. 18, 2008) ..................5

*Vonda Norris-Wilson, et al. v. Delta-T Group, Inc.,* No: 09-CV-0916 (S.D. Cal.) ..................4

*Walker v. Gordon*,
  46 Fed. Appx. 691 (3d Cir. 2002) ..................10

## **FEDERAL STATUTES**

29 U.S.C. § 216 (b) ..................2, 4, 11

42 U.S.C. § 1983 ..................10

## **RULES**

Fed. R. Civ. P. 56 ..................5

Defendant Delta-T Group, Inc. ("Delta-T") hereby submits its Memorandum Of Law In Support Of Its Motion To Strike Legal Conclusions In Plaintiff's Opt-In Declarations, Strike Opt-In Declarations Based On Contradictory Admissions, And Strike The Entire Declaration Of Ed Nason.

## I. INTRODUCTION

Plaintiff filed boilerplate declarations by 22 of the 64 individuals who have opted-in to this lawsuit. These declarations are replete with inadmissible legal conclusions which should be disregarded by this Court. Further, 8 of the 22 opt-ins, as recently as August 29, 2009, had resumes posted to websites such as Careerbuilder.com and Monster.com stating that they are or were *independent contractors* with Delta-T, not employees. Such admissions render their declarations wholly incredible, and this Court should exercise its discretion to strike those declarations. Lastly, Plaintiff filed a declaration by Ed Nason ("Nason"), who is a former employee of Delta-T's affiliate Delta-T Group Hartford, Inc. (the "Hartford Office"), and who ended his employment with the Hartford Office more than 3 ½ years ago. Nason is not a behavioral healthcare professional seeking to join this lawsuit, but was an administrative employee at the Hartford Office. His declaration contains inadmissible hearsay and other assertions that are based on pure speculation. His entire testimony is irrelevant because he does not have any first-hand, personal knowledge of any relevant facts during the alleged limitations period. Nason's declaration should be stricken altogether.

## II.  ARGUMENT

To conditionally certify this case pursuant to 29 U.S.C. § 216 (b) of the Fair Labor Standards Act ("FLSA"), Plaintiff has the burden of showing that the putative collective action members are similarly situated.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).  Plaintiff must rely upon admissible evidence to meet this burden.  *See Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005) ( "Courts . . .have repeatedly held that only admissible evidence may be considered in connection with a § 216 (b) motion."); *Richards v. Computer Scis. Corp.*, No. 3-03-CV-00630 (DJS), 2004 WL 2211691, *1 (D. Conn. Sep. 28, 2004) (portions of affidavits containing inadmissible hearsay submitted in connection with § 216 (b) were stricken); *McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV-04-642-HU, 2004 WL 1675925, * 10 (D. Or. July 27, 2004) ("[P]laintiffs are required to show through admissible evidence a 'reasonable basis' for their claim that the employer acted on a class-wide basis.").

In this case, Plaintiff attempts to meet his burden by relying upon declarations that contain inadmissible legal conclusions and that are wholly contradicted by admissions of the declarants.  Plaintiff also relies on a declaration that contains speculation and hearsay, and does not contain first-hand, relevant information during the alleged limitations period.

### A.     Plaintiff's Opt-In Declarations Contain Boilerplate Legal Conclusions That Should Be Disregarded

Plaintiff's theory for conditional certification is that behavioral healthcare professionals who were engaged with Delta-T are similarly situated because they were all misclassified by Delta-T as independent contractors.  As discussed in Delta-T's opposing memorandum of law, Plaintiff's theory is insufficient to meet his burden of demonstrating that he is similarly situated to the putative class.  Nonetheless, in an attempt to support his inadequate theory for conditional

2

certification, Plaintiff filed 22 identical boilerplate declarations from individuals who have opted-in to this lawsuit that all contain the same inadmissible legal conclusions:

> **Paragraph 4:**   In reality I was really an employee of Delta-T and its client healthcare facilities.  I applied and interviewed with Delta-T to fulfill temporary employment needs for its clients.  When I interviewed for the job, I filled out employment paperwork…
>
> **Paragraph 13:**   In reality, I worked for Delta-T and its clients as an employee at will.
>
> **Paragraph 14, 15 or 16:**   Based on my observations and conversations with my Delta-T co-workers, I understand that they were also misclassified as independent contractors, and as a result of this misclassification, they were denied overtime compensation and/or employee benefits.

(*See* Docket No. 101, Exhibits 3A and 3B).

Not only are these legal conclusions insufficient to support Plaintiff's conditional certification motion, but also they must be disregarded because courts will not consider such legal conclusions inserted into affidavits.  *See Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should . . . be disregarded by the court.") (*citing A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118, 121 (6th Cir. 1981)).

In this case, the issue of whether putative collective actions members are employees or independent contractors is a fact-intensive legal inquiry.  *See Pfaahler v. Consultants for Architects, Inc.*, No. 99-6700, 2000 U.S. Dist. LEXIS 1772, *4 (N.D. Ill. Feb. 8, 2000) ("in order to determine who is an independent contractor and who is an employee, the court would be required to make a fact-intensive, individual determination as to the nature of each potential claimant's employment relationship" with the employer).  It is unlikely that the individual opt-ins who submitted declarations considered the determinative factors courts examine regarding

3

independent contractor status before signing their declarations. In fact, it is more likely that plaintiff's counsel included these legal conclusions in the declarations and the opt-ins simply signed them. For instance, Abigail Papa, an opt-in in this case, and one of the name plaintiffs in the related California matter, testified at her deposition that she was not sure that her declaration looked familiar to her, and further testified "I believe [the declaration] was sent to me, so I signed it."[1] (Attached hereto as Exhibit C is a true and correct copy of the excerpted portion of Papa's deposition testimony (125: 9-18; 128:18-25; 127:1-8) in *Vonda Norris-Wilson, et al. v. Delta-T Group, Inc., et al.*, No: 09-CV-0916 (S.D. Cal.).

The law clearly forbids the insertion of legal conclusions in declarations submitted in support of a § 216 (b) motion. It should be of particular concern when there is evidence that certain individuals may have signed their declarations without paying particular attention to the averments contained therein. For these reasons, all legal conclusions contained in the opt-in declarations, including Abigail Papa's declaration, should be disregarded by this Court.

> **B.     Where Opt-Ins Posted Resumes On-Line Stating That They Were Independent Contractors While Registered With Delta-T, Their Declarations Stating Otherwise Should Be Stricken**

All of the opt-in declarations state that "Delta-T classified me as an independent contractor…" and "[i]n reality I was really an employee of Delta-T . . ." (Docket No. 101, Exhibits 3A and 3B, ¶¶ 3,4). However, 8 of the 22 opt-ins who filed declarations, as recently as August 29, 2009, had resumes posted on the websites Careerbuilder.com and/or Monster.com stating that they were an *independent contractor* with Delta-T, not employees. (Maatman Decl.

---

[1] Two of the opt-ins in this case, Vonda Norris-Wilson and Abigail Papa (Docket Nos. 2 & 4), are also the named plaintiffs in the related on-going matter pending in the U.S. District Court for the Southern District of California, *Vonda Norris-Wilson, et al. v. Delta-T Group, Inc., et al.*, No. 09-CV-0916.

4

¶ 3).[2]  *See Universal Engraving, Inc. v. Duarte,* 2008 U.S. Dist. LEXIS 102617, **4-5 & n.1 (D. Kan. Dec. 18, 2008) ("Monster.com allows an individual to post his or her resume on its web page in hopes of having employers from around the country view it and respond"); *Tomao v. Abbott Laboratories, Inc.*, 2007 U.S. Dist. LEXIS 55820, *70 (N.D. Ill. July 31, 2007) (plaintiff "sent out a resume to Monster.com in an attempt to obtain a job online"); *Cummings v. The Standard Register Co.*, 265 F.3d 56, 66 (1st Cir. 2001) (plaintiff "submitted his resume to internet employment services such as Headhunter and Monster.com, but received no response").

These resume postings are party-opponent admissions that completely contradict the opt-ins' declarations.  *See Geoghan v. Long Island Rail Road*, 2009 U.S. Dist. LEXIS 30491, **21-23 (E.D.N.Y. April 9, 2009) (in the Rule 56 context, court ruled that "plaintiff's resume is an admission by a party-opponent not excluded by the hearsay rule.").  Toward that end, courts have determined that a party's declaration may not contradict a prior sworn testimony. *Cf. Curtis v. Tyco Retail Healthcare Group, Inc*., 2008 U.S. Dist. LEXIS 58572, *8 (E.D. Pa. July 31, 2008) (refusing to consider statements in plaintiff's declaration because the "court must ignore an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the party's prior deposition testimony"); *Hackman v. Valley Fair, et al*., 932 F.2d 239, 241 (3d Cir. 1991) ("[W]hen, without a satisfactory explanation, a nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists").

---

[2] The resumes attached hereto as Exhibits B1 to B8 are true and correct copies that were recently downloaded from the websites www.careerbuilder.com and/or www.monster.com.  (*See* Maatman Decl. ¶ 3, attached hereto as Exhibit A).  Exhibits B1 to B8 include the following opt-ins' resumes: Mohamed Abbas-Fagiri, Modinat Atanda Titi Atanda, Arsena Goode, Andrea Greenberg, Rietta Ferrer, Bernard Mayweather, Melissa Morgan, and Stacy Thomas.

In this case, although these resumes are not sworn testimony, users of these sites must agree to certain terms and conditions. For instance, on Careerbuilder.com, it states: "[r]esume postings must contain the *accurate* resume of a living individual seeking employment on a full-time, part-time, or contractual basis on his or her own behalf." (*See* Maatman Decl. ¶ 4). On Monster.com it states a user may not "post or submit to any Monster Site any incomplete, false or inaccurate biographical information or information which is not your own." (See Maatman Decl. ¶ 4). Thus, based of the requirement that users of these websites must post "accurate" information, this Court should treat these postings similar to how other courts treat sworn testimony when determining whether to disregard or strike affidavits that contradict the sworn testimony. *See Curtis,* 2008 U.S. Dist. LEXIS 58572, *8; *Hackman*, 932 F.2d at 241. For these reasons, this Court should strike the opt-in declarations of Mohamed Abbas-Fagiri, Modinat Atanda Titi Atanda, Arsena Goode, Andrea Greenberg, Rietta Ferrer, Bernard Mayweather, Melissa Morgan, and Stacy Thomas. (*See* Pl. Mem., Exs. 3A(b), 3A(c), 3A(h), 3A(k), 3A(l), 3B(t)).

    **C.**    **Ed Nason's Declaration Should Be Stricken Because It Is Based On Hearsay And Speculation; And It Is Otherwise Irrelevant**

Nason's employment with the Hartford Office lasted from February 2003 to January 2006. (*See* Docket No. 101, Ex. 7). When the company decided to change his position from affiliate administrator to account manager because of Nason's lack of attention to detail and failure to follow through with clients, among other short comings, Nason left the Hartford Office to work at a Delta-T competitor. (Calcaterra Decl. ¶¶ 2-3). (Attached hereto as Exhibit D is the

declaration of Lori Calcaterra submitted in support of this motion).[3] Following Nason's resignation, Delta-T was forced to file a lawsuit against Nason based on violations of his employment agreement which contained a restrictive covenant designed to protect Delta-T's investment, good will and proprietary information, and Nason was forced to end his employment with the competitor as a result of the lawsuit. (Calcaterra Decl. ¶ 3). Nason subsequently led an Internet campaign wherein he regularly disparaged Delta-T and its owners through on-line postings, which revealed his vindictive animus toward the company. (Calcaterra Decl. ¶ 4). Despite the fact that he has not worked for the Hartford Office in over 3 ½ years, his declaration is filled with misrepresentations regarding the Hartford Office's business operations, probably because he continues to hold a grudge against Delta-T. (Calcaterra Decl. ¶¶ 6-13). Delta-T does not seek to strike his declaration based on Nason's misrepresentations. Rather, Delta-T seeks to strike his testimony because it contains inadmissible hearsay and speculation, and as it is not based on first-hand, personal knowledge regarding relevant facts within the alleged limitations period.

 In his declaration, Nason claims that based on his limited experience with three other companies, the only difference between those companies and Delta-T is that the other companies treated workers as employees and Delta-T treated workers as independent contractors. (Docket No. 101, Ex. 7 ¶¶ 3-4). First, Nason's work experience at other companies is wholly irrelevant to whether putative collective action members in this case are similarly situated. Second, a number of other companies do operate as a referral service for independent contractors,

---

[3] Lori Calcaterra is currently the Senior Operations Manager of Delta-T Group North Jersey, Inc. and Delta-T Group Maryland, Inc., which are affiliates of Delta-T Group, Inc. (Calcaterra Decl. ¶ 1). She is responsible for the day-to-day management of these affiliates. (Calcaterra Decl. ¶ 1). She has also served as a Regional Manager for Delta-T during which time her duties included oversight of the Hartford Office. (Calcaterra Decl. ¶ 1).

7

CH1 11794666.1

undercutting Nason's implicit assumption that Delta-T is somehow unique in treating professionals as independent contractors. (Calcaterra Decl. ¶ 6).

Nason also claims that "many higher educated workers, such as nurses, were reluctant to work as independent contractors because of the frequency with which they get injured on the job." (Docket No. 101, Ex. 7 ¶ 5). He further claims that "direct care workers, on the other hand, did not seem to mind as much because they rarely read the material they were signing and because they did not truly understand the consequences of the classification." (*Id.*) Nason, however, cannot competently testify to what "higher educated workers" were thinking, nor can he competently testify about what anyone "truly underst[ood]." These statements are based on pure speculation and hearsay and should be stricken. *See Hughes v. Amerada Hess Corp.*, 187 F.R.D. 682, 686-87 (M.D. Fla. 1999) (court may strike portions of affidavit not based on personal knowledge or containing inadmissible hearsay statements).

Notwithstanding admissibility concerns, Nason's allegations are simply not true. Higher level professionals in the Hartford Office did not have issues with registering and accepting referrals as independent contractors. (Calcaterra Decl. ¶ 7). Professionals with master's degrees in Social Work (Hayes Decl. ¶ 1), Clinical Psychology (Gilbert Decl. ¶ 2), and Sociology (Diaz Decl. ¶ 1) all state that they voluntarily registered with the Hartford Office as independent contractors.[4]

Throughout the remainder of his declaration, Nason's misrepresentations abound. Nason claims that "Delta-T professionals had no control over the money they made, the schedules they

---

[4] Attached hereto as Exhibits E1 to E4 are true and correct copies of the declarations executed by George Hayes, Christine Gilbert, Sam Diaz, and Festus Oluborde, all of whom are professionals who accepted contractor referrals from the Hartford Office after February 2006. (Maatman Decl. ¶ 6).

8

worked, or the assignments we provided them." (Docket No. 101, Ex. 7 ¶ 8). He also claims that the professionals engaged with Delta-T had limited ability to request higher rates and that staffing coordinators actively supervised and controlled healthcare workers. (*Id.* at ¶¶ 8-9). He further claims that Delta-T forbid professionals from speaking directly with clients about compensation. (*Id.* at ¶ 13). All of these averments are false. The professionals in the Hartford Office, and all professionals engaged with Delta-T, are free to accept or reject referrals, negotiate their own schedule with the client, and negotiate higher rates. (Calcaterra Decl. ¶¶ 9). For example, George Hayes, who registered with the Hartford Office in 2007, was a full-time social worker at a middle school, but accepted referrals from the Hartford Office to supplement his income. (Hayes Decl. ¶ 2). He states that no one from Delta-T told him how to do his job, the decision to take a referral is entirely his, and that he likes being an independent contractor because of the freedom it gives him to provide services for the clients he wants to work with, when he wants to work with them, and for an amount he determines is sufficient for his services. (Hayes Decl. ¶¶ 5, 9). Sam Diaz, a professor in Sociology, who registered with the Hartford Office in August 2008, states that the Hartford Office never told him how to perform his job, nor did it have any supervision or control with respect to his provision of professional services. (Diaz Dec. ¶ 5). Christine Gilbert, who has a master's degree in Clinical Psychology, states that she declines referrals if she is not interested and that her contact with the Hartford Office is limited to inquiries about new referrals and the submission of invoices, but she has no day-to-day interaction with the Hartford Office. (Gilbert Decl. ¶¶ 2, 9, 10). Festus Oluborde, who owns his own behavioral management and child counseling company, accepts referrals from the Hartford Office and states he negotiates his compensation rate when the referral offer is last minute or he

feels like the amount offered is too low. (Oluborde Decl. ¶¶ 1, 12). These declarations reveal Nason's averments for what they are - flagrant misrepresentations of the facts.

But again, it is not his untruths that provide grounds to strike, it is the inadmissibility of these averments on the basis that they are irrelevant because Nason was not even employed during the alleged limitations period. Courts have wide discretion in determining matters of admissibility. *Kumho Tire Co, Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999) (district courts have great discretion when making ultimate admissibility rulings); *Walker v. Gordon,* 46 Fed. Appx. 691, 694 (3d Cir. 2002) ("the District Court has broad discretion in determining the admissibility of evidence"). Courts have also determined that evidence related to incidents outside the limitations are irrelevant and therefore inadmissible. *See, e.g., Myszka v. Asbury*, No. 3:07-0671, 2008 WL 4525415, *2 (M.D. Tenn. Oct. 2, 2008) (court ruled that exhibits dealing with events outside the one-year statute of limitations under 42 U.S.C. § 1983 was inadmissible); *see also Hill v. Oil DRI Corp. of Georgia*, 198 Fed. Appx. 852, 856 (11th Cir. 2006) (court excluded EEOC determination as irrelevant because related to incidents outside the limitations period).

Plaintiff filed his complaint in February 2009. Although Defendant believes that the two-year statute of limitations applies, even assuming that the three-year limitations period governs, Nason resigned from the Hartford Office in January 2006. Thus, he has no personal knowledge of any facts probative of the alleged FLSA violations during the temporal scope of this lawsuit.

Nason is a disgruntled former employee who obviously has "an axe to grind" with Delta-T. Plaintiff's counsel uses Nason's declaration not to address the similarly situated standard, but to muddy the waters. Under these circumstance, the Court should exercise its discretion and strike Nason's declaration in its entirety. Nason's averments contain inadmissible speculation

10

and hearsay, are not probative of the similarly situated inquiry under § 216 (b), and are otherwise irrelevant because they relate to events outside of the alleged limitations period.

### III.  CONCLUSION

For the foregoing reasons, this Court should strike the legal conclusions contained in the 22 declarations submitted by opt-ins and strike in its entirety Ed Nason's declaration.

**DATED: August 31, 2009**              Respectfully submitted,
                                        DELTA-T GROUP, INC.

                                        By: /s/  Gerald L. Maatman, Jr.
                                              One of Its Attorneys

                                        Gerald L. Maatman, Jr. (*admitted pro hac vice*)
                                        gmaatman@seyfarth.com
                                        Devjani Mishra
                                        dmishra@seyfarth.com
                                        Kenneth Sulzer (*admitted pro hac vice*)
                                        ksulzer@seyfarth.com
                                        Brandon L. Spurlock (*admitted pro hac vice*)
                                        bspurlock@seyfarth.com

                                        SEYFARTH SHAW LLP
                                        620 Eighth Avenue
                                        New York, New York 10018
                                        212-218-5500
                                        212-218-5526 (fax)

## **CERTIFICATE OF SERVICE**

      I certify that on this date I caused a copy of the foregoing pleading to be served upon the following counsel of record by the Court's Electronic Filing System, which would then electronically notify the following CM/ECF participants on this case:

> Paul J. Lukas
> lukas@nka.com
> Michele R. Fisher
> fisher@nka.com
> Rebekah L. Bailey
> bailey@nka.com
> Nichols Kaster, PLLP
> 4600 IDS Center
> 80 South Eighth Street
> Minneapolis, MN  55402
> (612) 256-3200 (Main)
> (612) 215-6870 (Fax)
>
> Matthew C. Helland
> helland@nka.com
> Nichols Kaster, LLP
> One Embaroacero Center, Suite 720
> San Francisco, CA  94111
> (415) 277-7235 (Main)
> (415) 277-7238 (Fax)
>
> Laura Carlin Mattiacci
> mattiacci@consolelaw.com
> Console Law Offices, LLC
> 1525 Locust Street
> 9th Floor
> Philadelphia, PA  19102
> (215) 545-7676 (Main)
> (215) 565-2854 (Fax)

Dated: August 31, 2009

                                                    /s/ Gerald L. Maatman, Jr.
                                                       Gerald L. Maatman, Jr.