IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TEMI BAMGBOSE, Individually : CIVIL ACTION
and on Behalf of All Others :
Similarly Situated :
:
v. :
:
DELTA-T GROUP, INC., et al. : NO. 09-667

MEMORANDUM

McLaughlin, J. June 30, 2010

Three motions are before the Court in this Fair Labor Standards Act ("FLSA") putative collective action: the defendant's motion to dismiss the opt-ins, the defendant's motion to dismiss for lack of jurisdiction, and the plaintiff's motion for leave to amend the first amended complaint. For the reasons that follow, the Court will deny the defendant's motions to dismiss the opt-ins and to dismiss for lack of jurisdiction and grant the plaintiff's motion to amend.

I. Background

The Court outlines the background of this action relevant to the motions at issue.

On February 17, 2009, the plaintiff brought suit individually and on behalf of others similarly situated against the defendant, Delta-T Group, Inc. ("Delta-T"), for violations of the FLSA. He asserted that the defendant, which hires healthcare

workers[1] and places them in various healthcare facilities when such facilities require staffing, misclassified him and others as "independent contractors" rather than "employees."

On July 27, 2009, after approximately sixty workers filed notices of consent to opt into this action ("the opt-ins"), the plaintiff moved for FLSA conditional collective action certification and court-facilitated notice of the collective action to the putative class.[2] In a memorandum and order, the Court denied the plaintiff's motion without prejudice. Bamgbose v. Delta-T Group, Inc., 684 F. Supp. 2d 660 (E.D. Pa. 2010). The Court held that the plaintiff failed to demonstrate a "modest factual showing" that the putative class of healthcare workers was similarly situated with respect to the analysis the Court

---

[1] The plaintiff and defendant use different characterizations to refer to the persons at issue in this litigation, labeling them "healthcare workers" or "professionals," respectively. The Court will refer to the persons at issue as "healthcare workers" or "workers" for the sake of consistency, and without an evaluation of the merits of the parties' arguments.

[2] Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, the FLSA requires class members to affirmatively opt into collective actions to be considered part of the class. See 29 U.S.C. § 216(b). Courts often engage in a two-step certification process because of this requirement. Upon a motion for conditional certification, a court may conditionally certify the action and disburse notice to the class, so that putative class members have the opportunity to join the suit. After discovery is complete, the defendant may move to decertify the action on the grounds that the class is not similarly situated. See, e.g., Sandoz v. Cingular Wireless, L.L.C., 553 F.3d 913, 916 n.2 (5th Cir. 2008); Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000).

would engage in to determine whether the workers were "employees" or "independent contractors." Although Delta-T labeled all of the healthcare workers "independent contractors," and the workers shared certain similarities, the record did not demonstrate that evaluation of the workers' employee status would be possible on a collective basis; indeed, the record indicated that the workers had diverse experiences based on their relationships with Delta-T and its various clients.

In denying the motion, the Court addressed the plaintiff's argument that he could develop subclasses later in the litigation to account for the variances among the workers. The Court stated:

> The potential to establish subclasses later in this action . . . does not adequately address the Court's current concerns. If, after the parties complete discovery and develop the record, subclasses become appropriate, the plaintiff may then renew his motion for class certification and propose subclasses.

684 F. Supp. 2d at 671.

The Court then ordered the parties to report to the Court as to how they would like to proceed, in view of its decision. The plaintiff requested clarification of the Court's intentions as to the healthcare workers who had opted into the case to date, totaling over ninety. The Court's order did not dismiss the opt-ins, and the plaintiff presumed that the Court would allow collective discovery as to all of them, so that he

3

could renew his motion for certification at a later date.  The
defendant responded that the opt-ins were dismissed by the
Court's order.  It argued that the action was a single-plaintiff
lawsuit and that discovery could not proceed on a collective
basis.

The Court held a telephone conference to discuss the
parties' arguments.  Attempting a compromise, the Court told the
parties that discovery should proceed as to the named plaintiff's
claim, so that the parties could try one case on the merits and
avoid discovery disputes in relation to the opt-ins.  Before any
additional discovery could take place with respect to the opt-
ins, the plaintiff was to articulate his theory as to a subclass.
Once articulated, certain opt-ins would be dismissed for not
meeting the subclass definition.  Until then, the opt-ins would
remain in the case, unless the defendant could demonstrate that
their presence in the action was contrary to law.  Conf. Tr. 14-
15, 21, 23; Feb. 24, 2010.

A series of activities then followed.  On March 16,
2010, the defendant filed a motion to dismiss the opt-ins.  Two
days later, the defendant served the plaintiff with an offer of
judgment pursuant to Rule 68 of the Federal Rules of Civil
Procedure for a sum of $15,000, plus all reasonable costs and

attorneys' fees.³  On March 23, 2010, the plaintiff filed his motion to amend the complaint, and then he accepted the offer of judgment.  One day after he accepted the offer of judgment, the defendant filed its motion to dismiss for lack of subject matter jurisdiction.⁴

II. Analysis

The Court addresses the three pending motions in turn. First, it finds that it is not contrary to law to keep the opt-ins in this action, and concerns for judicial economy warrant maintaining their presence in the matter.  Second, the defendant's offer of judgment failed to moot the plaintiff's collective action claim and did not divest the Court of jurisdiction.  Third, because the plaintiff's action is still live, the Court has jurisdiction to rule on the plaintiff's

---

³ It is undisputed that the offer of judgment amounts to a full recovery on the plaintiff's claim.

⁴ The Court entered judgment pursuant to the plaintiff's acceptance of the defendant's offer.  It ordered the parties to meet and confer as to attorneys' fees and costs, and upon an inability to agree, the plaintiff to file a petition for fees by May 1, 2010.  The entry of judgment triggered new disputes between the parties.  The parties were unable to come to an agreement on the fee issue, and the plaintiff moved for a stay of the fee petition deadline, which the defendant opposed.  After a telephone conference with the parties, the Court granted the plaintiff's motion and stayed the fee petition until resolution of the parties' three pending motions.  The parties then disagreed as to whether the defendant was bound to pay the $15,000 judgment, in view of the stayed fee petition.  Upon consideration of letters from the parties and another telephone conference, the Court ordered the defendant to pay the judgment.

motion to amend the complaint. Further, the plaintiff may amend his complaint because his proposed amended complaint meets the requirements of Rules 15 and 20 of the Federal Rules of Civil Procedure.

    A.    <u>The Defendant's Motion to Dismiss the Opt-Ins</u>

The defendant moves to dismiss the opt-ins, arguing that courts uniformly conclude that if conditional class certification is denied, or if a motion for decertification is granted subsequent to conditional class certification, opt-ins are to be dismissed from the case without prejudice and the case proceeds with the individual claims of the named plaintiff only. The opt-ins are then free to file their own lawsuits if they choose to pursue their claims.

The Court disagrees. First, the defendant does not cite to, and the Court could not find, any authority that requires the Court to dismiss the opt-ins upon the denial of certification without prejudice. Courts that dismiss opt-ins do so after granting a motion for decertification, when an action becomes a single plaintiff lawsuit. <u>E.g.</u>, <u>Sandoz</u>, 553 F.3d at 916 n.2; <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1218 (11th Cir. 2001). Other courts dismiss opt-ins upon denying conditional certification with prejudice. <u>E.g.</u>, <u>Odem v. Centex Homes</u>, 08-cv-1196, 2010 WL 424216, at *2 (N.D. Tex. Feb. 4, 2010); <u>England v. New Century Fin. Corp.</u>, 370 F. Supp. 2d 504,

511 (M.D. La. 2005). Neither situation applies to the present matter because the Court denied the plaintiff's motion for certification without prejudice and allowed the plaintiff to articulate a subclass and renew his certification motion.[5]

Second, judicial economies favor maintaining the opt-ins in this action. The United States Supreme Court explained in <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989), that the FLSA implicitly grants district courts the "procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." In <u>Hoffman</u>, the Court found court-facilitated notice to potential opt-ins lawful because such notice would streamline the joinder of parties and help the court manage the action. <u>Id.</u> at 170-71.

The rationale of <u>Hoffman</u> applies here. Were the Court to dismiss the opt-ins, the opt-ins would file individual

---

[5] The defendant also appears to assert that the Court cannot maintain the opt-ins in this action because "the Third Circuit has held that district courts do not even have jurisdiction over opt-in claims after class certification is denied," citing <u>Lusardi v. Xerox Corp.</u> (<u>Lusardi I</u>), 855 F.2d 1062, 1079 (3d Cir. 1988). Def.'s M. to Dismiss Opt-Ins 4. The defendant misconstrues <u>Lusardi I</u>. In that case, the Court of Appeals for the Third Circuit granted mandamus and ordered the district court to vacate the part of its holding that ruled on the merits of the opt-ins' claims upon decertification of the collective action and dismissal of the opt-ins. The holding does not address the issue of whether a court may maintain opt-ins in a matter when it denies conditional certification without prejudice.

lawsuits, which would require individual conferences and orders for case management. Upon some articulation of a subclass, the plaintiff would move to consolidate the applicable cases to one. To manage the joining of multiple parties to this action, the Court will maintain the opt-ins until the plaintiff articulates a subclass. It will then dismiss the opt-ins who do not meet the subclass definition.[6]

    B.    The Defendant's Motion to Dismiss for Lack of Jurisdiction

Article III of the United States Constitution limits federal court jurisdiction to "cases" or "controversies." U.S. Const. art. III § 2; Flast v. Cohen, 392 U.S. 83, 94 (1968). When the issues in a case are no longer "live," or when the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004). An offer of complete relief will generally moot a plaintiff's claim because upon the offer, the plaintiff retains no personal interest in the outcome of the litigation. Id.

---

[6] Further, it appears that other courts have not dismissed opt-ins upon denying conditional certification motions without prejudice. Gomez v. United Forming Inc., 09-cv-576, 2009 WL 3367165 (M.D. Fla. Oct. 15, 2009) (recognizing presence of opt-ins and failing to dismiss them upon denial of conditional certification without prejudice); Parilla v. Allcom Constr. & Instal. Servs., L.L.C., No. 08-cv-1967, 2009 WL 1456442 (M.D. Fla. May 22, 2009) (same); Gonzales v. Hair Club for Men, Ltd., 06-cv-1762, 2007 WL 1079291 (M.D. Fla. Apr. 9, 2007) (same).

8

In the class action context, settlement of a named plaintiff's claim will moot the action if the class has not yet been certified, unless: (1) the plaintiff appeals the denial of a class certification motion presented when his claims were still live, or (2) a plaintiff's claims are so transitory that a court will not have sufficient time to rule on a motion for certification before the proposed representative's claims expire. Lusardi v. Xerox Corporation (Lusardi II), 975 F.2d 964, 975 (3d Cir. 1992); see also Weiss, 385 F.3d at 342-48. In its motion to dismiss, Delta-T argues that its offer of judgment mooted the plaintiff's collective action claim because the Court denied conditional certification and neither of the two exceptions to the mootness doctrine apply.

Although the United States Supreme Court and the Court of Appeals for the Third Circuit have not addressed the circumstances under which a Rule 68 offer of judgment made to a named plaintiff in an FLSA action moots the collective action,[7] two cases from the Third Circuit help frame the issue. In Lusardi v. Xerox Corp. (Lusardi II), 975 F.2d 964, the court

---

[7] Even more, the parties have not identified, and the Court has been unable to find, any case that addresses the circumstances here, where putative class members opted into an FLSA collective action suit, the Court denied without prejudice a motion for FLSA conditional collective action certification, a defendant made a full offer of judgment to the named plaintiff, subsequent opt-ins filed notices of consent to join the suit, and the defendant moved to dismiss for lack of jurisdiction before the plaintiff renewed his motion for certification.

9

addressed whether a district court had jurisdiction to entertain a motion for class certification brought by putative class representatives who had previously settled their individual claims. The court held that because the district court had already decertified the action and dismissed the opt-ins, and because the plaintiffs had settled their individual claims, the action was moot and the district court lacked jurisdiction over a new motion for collective action certification.[8]

The Court of Appeals for the Third Circuit also addressed the issue of mootness in a Rule 23 class action where a defendant made an offer of judgment to a named plaintiff before the named plaintiff had an opportunity to move for certification. In <u>Weiss v. Regal Collections</u>, 385 F.3d 337, the court held that absent undue delay in filing a motion for class certification, an offer of judgment does not moot the class action, and the district court is to relate the certification motion back to the filing of the class complaint. The court declined to adopt a bright-line test of requiring the filing of a motion for certification prior to the offer of judgment because "the class action process should be able to 'play out' . . . and should permit due deliberation by the parties and the court on the class certification issues." <u>Weiss</u>, 385 F.3d at 348. Further,

---

[8] Although <u>Lusardi II</u> involved an FLSA collective action, the court applied precedent from Rule 23 class actions to reach its holding.

although the named plaintiff's claims were not transitory, they were acutely susceptible to mootness in view of the defendant's tactical ability to pick off the named plaintiff with an offer of judgment in full. Id. at 347.

The Court of Appeals for the Fifth Circuit applied the reasoning of Weiss to the FLSA context. In Sandoz v. Cingular Wireless, L.L.C., 553 F.3d 913, a defendant gave an offer of judgment shortly after the plaintiff initiated her FLSA collective action, before she filed a motion for conditional certification and any putative plaintiffs opted into the suit. Citing Weiss, the court held that the plaintiff's action would not be mooted by the Rule 68 offer if the district court granted her motion for conditional certification and found it timely. Id. at 920-21.

Many district courts that have addressed the circumstances under which a Rule 68 offer of judgment moots a putative collective action have declined to go as far as Sandoz. They have required other individuals to have opted into the suit for the action to remain live because, unlike Rule 23 class actions, a named plaintiff in an FLSA suit represents himself only until other individuals affirmatively opt in. Symczyk v. Genesis Healthcare Corp., No. 09-5782, 2010 WL 2038676, at *3-4 (E.D. Pa. May 19, 2010); see, e.g., Yeboah v. Cent. Parking Sys., No. 06-128, 2007 WL 3232509, at *3-4 (E.D.N.Y. Nov. 1, 2007)

11

(finding presence of opt-in after offer of judgment sufficient to find action live); Reyes v. Carnival Corp., No. 04-21861, 2005 WL 4891058, at *3 (S.D. Fla. May 25, 2005) (same); Reed v. TJX Co., No. 04-1247, 2004 WL 2415055, at *2 (N.D. Ill. Oct. 27, 2004) (finding presence of opt-ins rendered action live); MacKenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1212 n.2 (M.D. Fla. 2003) (finding lack of opt-ins determinative that action moot upon offer of judgment).[9]

Delta-T argues that its offer of judgment divested the Court of jurisdiction over this action pursuant to Lusardi II, but the Court finds Lusardi II does not control this matter. First, in Lusardi II, the district court had already decided the certification issue with finality and dismissed the opt-ins when the plaintiffs settled their claims and then moved again for certification. Here, however, the Court denied certification without prejudice and has not dismissed the opt-ins, anticipating a renewed motion from the plaintiff. Second, Lusardi II did not

---

[9] Courts also hold that an offer of judgment that fails to satisfy the named plaintiff's claim in full will not moot a collective action, even if no other individuals have opted into the action. See, e.g., Davis v. Abercrombie & Fitch Co., No. 08-1859, 2008 WL 4702840, at *5 (S.D.N.Y. Oct. 23, 2008); Reyes, 2005 WL 4891058, at *3; Reed, 2004 WL 2415055, at *1. The pendency of a motion for conditional certification may also play a role in the court's decision. See, e.g., Rubery v. Buth-Na-Bodhaige, Inc., 494 F. Supp. 2d 178, 181 (W.D.N.Y. 2007); Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1013 (D. Minn. 2007); Briggs v. Arthur T. Mott Real Estate, No. 06-468, 2006 WL 3314624, at *3 (E.D.N.Y. Nov. 14, 2006).

raise the concerns associated with offers of judgment because the parties entered into a mutually agreed-upon settlement. Delta-T, however, served the plaintiff with an offer of judgment approximately one month after the Court issued its decision denying conditional certification, picking off the plaintiff before he had an opportunity to move for certification again.

Because over ninety opt-ins remain in this action, and because the plaintiff has not yet had an opportunity to renew his motion for conditional certification, the Court holds that the defendant's offer of judgment did not moot the plaintiff's collective action claim. The present opt-ins, some of whom opted in after the offer of judgment, demonstrate that the plaintiff does not only represent himself in this action.[10] Further, the plaintiff has not yet had the opportunity to have his motion for certification decided fully. In view of the unique procedural posture of this action and the fact that the Court has not yet decided with finality the similarly situated status of the opt-ins, the plaintiff shall timely renew his motion for collective action certification so that the certification issue may "play out" with due deliberation by the parties and the Court.

---

[10] Although the Court found that the opt-ins were not similarly situated to the plaintiff based on the manner in which he initially defined the class, any number of them may fit the new class definition upon the plaintiff's renewed certification motion.

C.  The Plaintiff's Motion to Amend the Complaint

The plaintiff moves to amend his complaint pursuant to Federal Rules of Civil Procedure 15 and 20 to add a new named plaintiff, John Harris, and to add three new defendants, Joanna McAndrews, Scott McAndrews, and Chris McAndrews ("the proposed defendants").[11]  The plaintiff alleges that John Harris, who opted into the suit on August 14, 2009, worked for the defendant within the applicable statutory period, worked in excess of forty hours, and did not receive compensation for overtime.  The proposed defendants own and operate Delta-T and its affiliates, and they constitute the senior management team.  The plaintiff explains that he moves to amend so as to renew his motion for collective action certification because the defendant's Rule 68 offer of judgment disposed of his individual claim.

The Court will grant the plaintiff's motion because it finds that the plaintiff has met the requirements of Rules 15 and 20 of the Federal Rules of Civil Procedure.  Rule 15 states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Such leave should be granted in the absence of undue delay, bad

---

[11] The plaintiff's complaint is the same in all material respects to his initial complaint, except that it does not include a party that the Court dismissed previously pursuant to the parties' stipulation, nor claims the Court dismissed in a prior decision.

14

faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Forman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Delay alone is insufficient to deny an amendment unless the delay unduly prejudices the nonmoving party. Cornell & Co. v. Occup. Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Rule 20 of the Federal Rules of Civil Procedure states:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A court has discretion to deny a motion for joinder, even if the conditions of Rule 20(a) are met, in order to prevent undue delay or other prejudice to the other parties. See McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008); 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001).

First, the addition of the defendants meets the requirements of Rule 20(a)(2). The plaintiff's claim against the proposed defendants arises from the same transactions or occurrences already alleged, and there are questions of law or fact common to all of the defendants. Delta-T does not dispute

15

this in its brief in opposition.

Second, in accordance with Rules 15 and 20, the plaintiff's motion is not brought with undue delay or dilatory motive. The plaintiff moved to add a named plaintiff upon the defendant's offer of judgment, when he determined that it was necessary to do so. Also, although this action has been pending for over one year, it is still in a relatively early stage because the issue of conditional certification has not yet been decided fully. The delay, then, is not all that lengthy, particularly in the FLSA context. See, e.g., Copantitla v. Fiskardo Estiatorio, Inc., No. 09-1608, 2010 WL 1327921, at *2, *7 (S.D.N.Y. Apr. 5, 2010) (adding defendants eleven months after complaint filed); Ruggles v. WellPoint, Inc., 687 F. Supp. 2d 30, 34 (N.D.N.Y. 2009) (adding defendants sixteen months after complaint filed).

Third, there is no undue prejudice to the defendant upon granting the plaintiff's motion. To successfully oppose the plaintiff's motion, the defendant must "demonstrate that its ability to present its case would be seriously impaired were amendment allowed." Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990). Here, there is no such showing. The proposed amended complaint is based on the same facts and circumstances as the operative complaint. Contra Cornell, 573 F.2d at 824 (finding abuse of discretion in permitting amendment because

amendment changed the legal and factual basis of the alleged violation). Indeed, the plaintiff does not anticipate that the amendment will expand the scope of discovery beyond that which he intends to conduct in his case against Delta-T.

The defendant argues that the plaintiff's addition of the proposed defendants is grounded in bad faith as a means to gain leverage, but the Court finds no improper motive. Prior to his motion for conditional certification, the plaintiff told the defendant that he would seek to add the proposed defendants. Also, counsel for the plaintiff explained that, because the defendant is a nonpublic company and has not yet disclosed its finances, the addition of the proposed defendants is meant to help ensure payment of a judgment should Delta-T prove financially unviable.

Fourth, the plaintiff's motion is not futile. A court determines the futility of a proposed amendment by the amendment's ability to survive a motion to dismiss. <u>Burlington Coat Factory</u>, 114 F.3d at 1434. The defendant does not argue that the plaintiff's motion is futile under a motion to dismiss standard. Rather, it asserts that the Court should deny the plaintiff's motion on grounds of res judicata, collateral estoppel, and the law of the case doctrine because the plaintiff's amended complaint does not articulate a subclass, and the Court already denied collective action certification.

The defendant's arguments are premature. The plaintiff has not yet renewed his motion for conditional certification, and so the Court cannot apply the doctrines the defendant cites because the plaintiff has yet to ask the Court to decide an issue it has already decided. Also, the doctrines that the defendant asserts require a court to have reached a final decision on an issue sought to be relitigated. Res judicata and collateral estoppel are not triggered when a court decides something without prejudice; rather, they require final judgments. See, e.g., San Remo Hotel, L.P. v. City & County of S.F., 545 U.S. 323, 336 n.16 (2005); United States v. 5 Unlabeled Boxes, 572 F.3d 169, 173 (3d Cir. 2009) (res judicata); Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (collateral estoppel). The law of the case also requires that an issue be finally decided, as it is meant to "protect against the agitation of settled issues." Bosley v. The Chubb Inst., 516 F. Supp. 2d 479, 484 (E.D. Pa. 2007) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)).

III. Conclusion

For the reasons herein stated, the defendant's motion to dismiss the opt-ins is denied, the defendant's motion to dismiss for lack of jurisdiction is denied, and the plaintiff's motion for leave to amend his first amended complaint is granted. The plaintiff will have one week to present to the Court his

discovery plan with respect to what discovery he needs to conduct in order to renew his motion for conditional certification. The defendant will then have one week to respond. An appropriate order shall issue separately.